UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO MOYA<br><br>        Plaintiff,<br><br>-v-<br><br>RGS FINANCIAL, INC.<br><br>        Defendant. | CASE NO.: 1:19-cv-00733<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Sergio Moya, for his complaint against RGS Financial, Inc. ("Defendant"), states:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a *et seq.* ("ICFA"), stemming from Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, Sergio Moya ("Mr. Moya"), is a natural adult person residing in Bartlett, Illinois, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and ICFA.

5. Defendant, RGS Financial, Inc., is a Texas corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

6. In its correspondences to consumers, Defendant identifies itself as a "debt collector."

7. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

8. Defendant is a "person" as that term is defined and/or used within the ICFA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. On or around June 29, 2018, Defendant mailed a dunning correspondence to Mr. Moya attempting to collect a debt Mr. Moya allegedly incurred originally to *Nordstrom / TD Bank USA, N.A.* in the amount of $439.42 (the "Subject Debt"). A copy of the dunning correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

11. Mr. Moya did not recognize the Subject Debt as belonging to him.

12. The Collection Letter was the initial communication Mr. Moya received from Defendant concerning the Subject Debt.

13. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Mr. Moya pursuant to 15 U.S.C. § 1692g (the "G-Notice"). *See* Exhibit A.

14. Despite containing the G-Notice, the Collection Letter demanded immediate payment of the Subject Debt from Mr. Moya by stating, in relevant part:

> "As of the date of this letter the total amount you owe is $60.00 and the minimum payment due is $60. Because of interest and other charges assessed by your creditor that may vary periodically, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you." *See* Exhibit A.

15. Defendant's demand for immediate payment from Mr. Moya within the Collection Letter overshadowed its disclosure of the G-Notice to him.

16. In addition, Defendant's representations within the Collection Letter – as cited above in paragraph 14 – are false, deceptive and/or misleading to the extent they create a false sense of urgency that Mr. Moya must act quickly to avoid further assessment of "interest and other charges" in connection with the Subject Debt. *See* Exhibit A.

17. Upon information and belief, Defendant was not entitled to assess and/or collect "interest and other charges" from Mr. Moya in addition to the $439.42 principal balance alleged to be owed in the Collection Letter.

## DAMAGES

18. Mr. Moya was misled by the Collection Letter.

19. Mr. Moya justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

20. Due to Defendant's conduct, Mr. Moya was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. After a reasonable time to conduct discovery, Mr. Moya believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

22. Due to Defendant's conduct, Mr. Moya is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and g(b)*

23. All prior paragraphs are incorporated into this count by reference.

24. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

4

> "Collection activities and communications that do not otherwise violate this title may continue during the thirty-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

25. Defendant violated 15 U.S.C. §§ 1692e, e(10), f and g(b) in sending the Collection Letter to Plaintiff. By demanding immediate payment from Plaintiff within the Collection Letter, Defendant's collection activity was inconsistent with, and overshadowed, Plaintiff's rights under the FDCPA. As such, Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

26. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(2)(B), e(10), f and f(1) by creating a false sense of urgency in the Collection Letter by representing to Plaintiff that it was entitled to collect additional "interest and other charges" in connection with the Subject Debt without authorization to do so. In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the Subject Debt.

27. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the collection communication in relation to his rights under § 1692(g) of the FDCPA.

28. As an experienced debt collector, Defendant knows that its representations to consumers are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive. Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

29. As set forth in paragraphs 18 through 22 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS 505/2*

30. All prior paragraphs are incorporated into this count by reference.

31. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

32. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

33. Defendant engaged in unfair and deceptive acts or practices, in violation of 815 ILCS § 505/2, by, *inter alia*: (i) demanding immediate payment from Plaintiff within thirty (30) days of its G-Notice disclosure to Plaintiff, ultimately overshadowing and acting inconsistently to Plaintiff's rights under the FDCPA; and (ii) creating a false sense of urgency in Plaintiff by representing that it was entitled to collect "interest and other charges" in addition to the principal balance stated in the Collection Letter.

34. Defendant intended that Plaintiff rely on its unfair, unlawful and deceptive collection activity in order to procure immediate payment of the Subject Debt.

35. As set forth in paragraphs 18 through 22 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

36. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

37. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sergio Moya, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS 505/10a;

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 815 ILCS 505/10a;

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 5th day of February, 2019.  Respectfully Submitted,

                                                           */s/ Geoff B. McCarrell*
                                                 Geoff B. McCarrell #0086427
                                                 David S. Klain #0066305
                                                 CONSUMER LAW PARTNERS, LLC
                                                 333 N. Michigan Ave., Suite 1300
                                                 Chicago, Illinois 60601
                                                 (267) 422-1000 (phone)
                                                 (267) 422-2000 (fax)
                                                 geoff.m@consumerlawpartners.com

                                                 *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                 */s/ Geoff B. McCarrell*
                                                 Geoff B. McCarrell #0086427
                                                 CONSUMER LAW PARTNERS, LLC